Filed 10/14/25  P. v. Kelley CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>TSHOMBE KELLEY,<br><br>          Defendant and Appellant. | A171800<br><br>(Alameda County Super. Ct. No. 139184) |

Tshombe Kelley appeals from an order denying his petition for resentencing (Pen. Code, § 1172.6).[1]  He argues that his appointed counsel's assistance was ineffective because counsel explicitly conceded, in his memorandum in support of Kelley's petition, that Kelley was not eligible for resentencing under section 1172.6.  We conclude any error was harmless because Kelley is ineligible for resentencing as a matter of law.

## BACKGROUND

### A.

To be convicted of murder, a jury must ordinarily find that the defendant acted with the requisite mental state, known as malice aforethought.  (*People v. Chun* (2009) 45 Cal.4th 1172, 1181, quoting § 187, subd. (a).)  Until 2019, the felony murder rule provided an exception that made "a killing while committing

---

[1] Undesignated statutory references are to the Penal Code.

1

certain felonies murder without the necessity of further examining the defendant's mental state." (*Chun,* at p. 1182.) Under a separate rule known as the natural and probable consequences doctrine, a person who knowingly aids and abets the criminal conduct of another person is guilty of not only the intended crime but also of any other crime the other person actually commits that is a natural and probable consequence of the intended crime. (*People v. Chiu* (2014) 59 Cal.4th 155, 161, superseded by statute as stated in *People v. Lewis* (2021) 11 Cal.5th 952, 958-959 & fn. 3 (*Lewis*).)

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, changed the law relating to accomplice liability for murder to better align punishment with individual culpability. (Stats. 2018, ch. 1015, § 1(b), (f).) To that end, Senate Bill 1437 eliminated the natural and probable consequences doctrine as to murder and narrowed the felony-murder exception to the malice requirement. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 862.)

Specifically, Senate Bill 1437 amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory to a person who: (1) was the actual killer; (2) aided and abetted the actual killer with the intent to kill; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life, as those terms are used in the statute defining felony-murder special circumstances. (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3; accord, *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) The definition of malice in section 188 was also amended to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

As a result of these amendments and later Senate Bill No. 775 (2021-2022 Reg. Sess., Stats. 2021, ch. 551, § 2, eff. January

1, 2022), a person convicted of murder, attempted murder, or manslaughter before Senate Bill 1437 may seek relief by filing a petition in the trial court alleging that (1) the information or indictment allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory under which malice is imputed based solely on the defendant's participation in a crime; and (2) the petitioner could not be convicted of murder or attempted murder under current law. (§ 1172.6, subd. (a), renumbered from § 1170.95 by Assem. Bill No. 200 (2021-2022 Reg. Sess.), Stats. 2022, ch. 58, § 10, eff. June 30, 2022; *Lewis, supra,* 11 Cal.5th at pp. 959-960.) The petition must include a declaration stating the petitioner is eligible for relief based on the above requirements; the trial court case number and year of conviction; and whether the petitioner requests the appointment of counsel. (§ 1172.6, subd. (b).)

If the petitioner complies with these requirements, the trial court must appoint counsel (if requested), receive briefing from the parties, and then determine whether the petitioner has made a "prima facie case for relief." (§ 1172.6, subds. (b)(3), (c); *Lewis, supra*, 11 Cal.5th at pp. 960, 966.) If so, then the court must issue an order to show cause and hold an evidentiary hearing— where the burden is on the prosecution to prove (beyond a reasonable doubt) that the petitioner is ineligible for relief because they are guilty of murder or attempted murder under the law as amended by Senate Bill 1437. (§ 1172.6, subds. (c)-(d); *People v. Strong, supra*, 13 Cal.5th at p. 709; *Lewis*, at p. 960.) On the other hand, if the petition and record of conviction establish conclusively that the petitioner is ineligible for relief— because they were the "actual killer"—the trial court may dismiss the petition. (See §§ 188, subd. (a)(3), 189, subd. (e)(1), 1172.6, subd. (c); *Lewis*, at pp. 970-972.)

## B.

In 2000, Aaron Stewart died after Kelley shot him in the back multiple times. Stewart and Kelley had been friends but their relationship had frayed after Stewart had an affair with Kelley's girlfriend. On a separate occasion before the shooting, Kelley went to Stewart's house, argued with him, and fired a gun in the air.

A jury convicted Kelley of first degree murder (§§ 187, subd. (a), 189, subd. (a); count one), willfully discharging a firearm in a grossly negligent manner (§ 246.3; count two) and found true (among others) an enhancement for personally and intentionally discharging a firearm proximately causing great bodily injury or death (§ 12022.53, subd. (d)). The trial court sentenced Kelley, in 2001, to a prison term of 52 years to life. On direct appeal, this division affirmed the judgment. (*People v. Kelley* (2002) 103 Cal.App.4th 853, 855, 860, review den. Jan. 22, 2003, S111615.)

## C.

In 2023, Kelley petitioned for resentencing in the superior court. He requested the appointment of counsel and included a declaration stating that an information had been filed against him that allowed the prosecution to proceed under felony murder or natural and probable consequences theories, and he could not now be convicted of murder because of the 2019 amendments to sections 188 and 189.

The People opposed Kelley's petition for resentencing, arguing that he could not establish a prima facie case of eligibility because Kelley was the actual killer and the jury had not been instructed on aiding and abetting, felony murder, or the natural and probable consequences doctrine.

In response, Kelley's court-appointed counsel stated: "A review of the reporter's transcript from the trial, and in

4

particular, the court's instructions to the jury as well as the opening and closing statements of the prosecutor . . . does not show that the Felony Murder Rule, or the Natural and Probable Consequences Doctrine as it applies to accomplice liability, was ever mentioned as a possible theory of liability." Counsel continued: "Section 1172.6 provides a limited avenue for relief where the trial record shows that the jury may have convicted the defendant on a theory of liability that is no longer valid. In particular, those theories are the Felony Murder Rule and the Natural and Probable Consequences Doctrine as it applies to accomplice liability. Counsel is only taking the very narrow position that the trial record is not showing that [Kelley] was convicted on either of these theories, or stated in other words, on a theory of liability that is no longer valid. [¶] On the issue of whether relief should be granted pursuant to [Kelley's section] 1172.6 petition, the matter is submitted to the court. If the court disagrees with the above analysis, counsel is ready to brief any issues as directed to do so."

The superior court denied Kelley's petition, concluding that he had not established a prima facie case because the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory under which malice could be imputed based solely on Kelley's participation in a crime.

## DISCUSSION

### A.

Kelley maintains he received ineffective assistance because his appointed counsel conceded that Kelley had not stated a prima facie case for resentencing. We disagree.

A criminal defendant's constitutional right to the effective assistance of counsel is derived from the Sixth Amendment right to the " '[a]ssistance of [c]ounsel for his defence' " in a criminal

5

prosecution. (*United States v. Cronic* (1984) 466 U.S. 648, 650 & fn. 1, 654-655, 658.) However, a petition under section 1172.6 "is not a criminal prosecution." It is the opposite because it can only help the defendant. (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 588; see *Lewis, supra,* 11 Cal.5th at p. 974 ["prima facie stage under [section 1172.6,] subdivision (c) is not similarly adversarial" to trial].)

Our Supreme Court has held that petitioners in section 1172.6 proceedings have only a statutory right to counsel at the prima facie inquiry stage (*Lewis, supra,* 11 Cal.5th at p. 973; see § 1172.6, subd. (b)(3)) and that there is no constitutional right to counsel on appeal from the denial of a section 1172.6 petition. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 222, 226-227.) Moreover, our Supreme Court concluded, in *Lewis,* that when a petitioner is denied the assistance of counsel at the prima facie review stage, that deprivation is a state law violation only—not a structural or constitutional error—that is reviewed for harmless error under the test in *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis,* at pp. 972-974; accord, *Delgadillo*, at p. 227 ["the right to counsel at that point in the proceedings is purely statutory"].)

Although it is unclear whether the statutory right to counsel under section 1172.6 includes the right to claim ineffective assistance on appeal, we assume (without deciding) that Kelley has an implicit statutory right to competent counsel. (Cf. *In re Clark* (1993) 5 Cal.4th 750, 780, superseded by statute on another ground as stated by *In re Friend* (2021) 11 Cal.5th 720, 739-740; *In re A.R.* (2021) 11 Cal.5th 234, 248 [explicit statutory right to competent representation in dependency proceedings includes right to seek review of claims of incompetence of counsel].)

To establish ineffective assistance of counsel, Kelley must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable

6

probability that the result would have been more favorable but for counsel's error. (*Strickland v. Washington* (1984) 466 U.S. 668, 691-694.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." (*Id.* at p. 697.)

Even if we assume that appointed counsel was deficient in explicitly conceding Kelley's ineligibility for section 1172.6 relief—instead of simply submitting the matter after summarizing the record as Kelley suggests was required—Kelley's ineffective assistance claim fails because he cannot establish prejudice.

Here, Kelley's jury was not instructed on felony murder, accomplice liability under the natural and probable consequences doctrine, or any other theory under which malice could be imputed to Kelley based solely on his participation in a crime. Accordingly, the record of conviction—including the jury's verdict that Kelley was guilty of first degree murder and the firearm enhancement finding that Kelley personally and intentionally discharged a firearm causing Stewart's death—establishes that Stewart was convicted as the actual killer, not on an imputed malice theory.

The trial court correctly concluded Kelley is ineligible for resentencing under section 1172.6 as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.) Accordingly, any error was harmless.

## DISPOSITION

The order denying Kelley's resentencing petition is affirmed.

7

                                                                              BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.


*P. v. Kelley (A171800)*

8